BARBARA S. OSTERHAUS, APPELLANT, V. RICHARD C. OSTERHAUS, APPELLEE.

255 N. W. 2d 432

Filed July 6, 1977. No. 41086.

Jon J. Gergen and Edward L. Wintroub, for appellant.

Robert H. Beach, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The parties were married in 1968 and have two children, Shannon, born October 6, 1970, and Erin, born July 12, 1973.

The petition for dissolution was filed October 18, 1974. On November 27, 1974, the petitioner was granted temporary custody of the children. On August 6, 1975, after an investigation by the conciliation court, the trial court took custody of the children but left them in the possession and care of the petitioner.

The hearing on the petition for dissolution was

held on September 8, 1975. The decree, entered September 16, 1975, dissolved the marriage and divided the property of the parties. The trial court found that at that time neither party was fit to have the care, custody, and control of the children. Custody was continued in the court and the children were placed in a foster home subject to a further hearing to be held within a reasonable time.

On March 8, 1976, the respondent filed an application for an order granting custody to him. Hearings were held on March 16 and March 25, 1976. On March 30, 1976, the trial court retained custody of the children but granted possession to the father subject to "minimal visitation" by the petitioner. Motions for new trial filed by the petitioner after the decree of September 16, 1975, and the order of March 30, 1976, were overruled on September 3, 1976.

The petitioner has appealed and contends the trial court erred in finding she was not a fit and proper person to have the care, custody, and control of the children; in awarding possession of the children to the respondent; and in restricting the petitioner's cross-examination of the respondent at the hearing on March 16, 1976, concerning prior psychological problems.

In regard to the last assignment, evidence had been developed at the hearing on September 8, 1975, concerning the respondent's psychological problems. The ruling made was within the discretion of the trial court.

The petitioner is 30 years of age. She had been employed as a teacher in the public schools but was working as an employment counselor at the time of the hearing in September 1975. The petitioner admitted that she had committed an act of adultery with a friend, Jim Redwine, after she had separated from the respondent. Redwine lived in the same house with her and the children for a 2-week period and she also went to Florida with Redwine, the chil-

dren, and another couple. She maintained constant contact with Redwine while he was in jail in Lincoln, Nebraska, on a controlled substance charge. A man named Andy Schmidt had lived in the petitioner's home for 4 months but the petitioner denied having any relationship with Schmidt.

The evidence indicates generally that the children were well cared for when they were in the possession of the petitioner and there is no substantial evidence that she neglected them in any way while they were in her care. However, the trial court must have concluded that her relationship with Redwine and other circumstances in the case required that the children be removed from her care. Although she claimed that her association with Redwine had ended, the record indicates that the trial court did not accept her testimony fully and was not convinced that the children should be returned to her care.

The respondent is 32 years of age. He is employed as a physical education instructor and coach at St. Robert's grade school in Omaha, Nebraska. He has had psychological problems in the past and attempted to commit suicide on two occasions. However, at the hearing on March 25, 1976, a psychiatrist testified that he had made a recent evaluation of the respondent and found no "serious psychiatric illness." It was the opinion of this witness that the respondent was as capable of being a single parent as any male can be.

This court is reluctant to interfere with the discretion of a trial judge in custody matters where he has had the opportunity to see and hear the parties and the witnesses. Ordinarily, the findings of the trial court both as to the evaluation of the evidence and the determination of custody will not be disturbed on appeal unless there has been a clear abuse of discretion. Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682.

Although we are of the opinion that the order of March 30, 1976, was within the discretion of the trial court, there is evidence in this case which suggests doubt as to whether the respondent can or will furnish the proper care and supervision of the children. He has been emotionally unstable in the past and at times has exhibited a lack of interest in their welfare. For that reason we believe his possession of the children should be supervised as closely as is possible under the circumstances. This is a matter within the control of the trial court and regular reports should be obtained from the personnel performing the supervision.

The order of March 30, 1976, provided only for "minimal visitation" by the petitioner. We believe this was plain error and the order should be modified to grant reasonable visitation to the petitioner.

The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.