KARLA JEAN MASON, APPELLEE, v. AUSTIN HENRY MASON, APPELLANT.

263 N. W. 2d 865

Filed March 29, 1978. No. 41421.

John J. Reefe, Jr. for appellant.

William T. Oakes of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before SPENCER, McCOWN, and BRODKEY, JJ.,

Reagan, District Judge, and Kuns, Retired District Judge.

Kuns, Retired District Judge.

This is an appeal from an order modifying the custody provisions of a previous divorce decree.

A marriage between the parties was dissolved by decree on March 15, 1971; the custody of three daughters was granted to Karla Jean Mason, the appellee. Austin Henry Mason, the appellant, was granted the right of visitation and ordered to pay support. In June 1972, the daughters visited appellant at his home and remained with him until March 1976. There is a dispute whether appellee consented to the exercise of custodial rights by appellant but she did not take any steps to enforce the provisions of the decree either as to custody or as to the payment of support during that period. After she retook custody in March 1976, appellant made an unsuccessful physical effort to regain custody and, in April 1976, filed a motion for the modification of the original decree. In this motion, he alleged unfitness of appellee to have custody. The appellee, in her response, made a counterallegation of unfitness on the part of appellant. No purpose will be served by detailing the evidence presented at the hearing. Generally, the appellant produced evidence of his fitness for custody, that he could provide a good home for the daughters, and that the appellee had shown unfitness by residing with a man to whom she was not married. The appellee produced evidence that she was a good mother, that appellant had provided only a home which was rustic and with inadequate facilities, and that his conduct had been violent. Each of the daughters, in response to inquiry by the court, stated that she preferred to live with her mother.

After consideration of the factors enumerated in section 42-364, R. S. Supp., 1976, the court found that the best interests and welfare of the children re-

quired their custody should be placed in the District Court for Douglas County, Nebraska, that physical possession be placed in the appellee, and that appellant should support them. The trial court was able to see and hear the witnesses, and both parents and the minors whose custody was in issue. The discretion of the trial court is subject to review. Its determination, however, will not be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. The record in this case does not show either. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853; Osterhaus v. Osterhaus, 198 Neb. 802, 255 N. W. 2d 432.

The reservation of general custody of the children in the District Court enables the court to provide for regular supervision over the care provided by the appellee and over the conditions under which the children are living. If it should appear at any time that the best interests and welfare of the children are adversely affected by any circumstance, the court will be able to take prompt action to correct the situation.

The order of the court is well within its discretion and is affirmed.

AFFIRMED.