CAROLYN M. FLEHARTY, APPELLEE, v. EDGAR C. FLEHARTY, APPELLANT.

282 N. W. 2d 604

Filed August 21, 1979. No. 42343.

Ronald J. Palagi, for appellant.

William C. Stanek of Stanek & Smith, for appellee.

Heard before KRIVOSHA, C.J., McCOWN, and BRODKEY, JJ., and BUCKLEY and KELLY, J.R., District Judges.

KELLY, J. R., District Judge.

Respondent appeals from an order of the District Court for Burt County, Nebraska, which modified an earlier order of the District Court with regard to the custody of the minor children of the parties. We affirm the order of the District Court.

This is the second appearance of this case before this court this term. The earlier appeal likewise contested that portion of the court's decree which

dealt with the custody of the minor children. See Fleharty v. Fleharty, 202 Neb. 245, 274 N. W. 2d 871.

While the first appeal was pending before this court, respondent filed an application seeking a modification of the court's original decree with regard to the custody of the minor children of the parties. After hearing, the trial court sustained the request for modification, and placed the legal custody of the children with the court but the physical custody with the petitioner, except for the period from June 1 to August 15, when the physical custody was to be with respondent. Each party was granted reasonable rights of visitation whenever the children were in the physical custody of the other party. In addition, the county welfare department of the county in which the children reside was, from time to time, to make periodic visits.

Respondent maintains the trial court erred in finding that it was in the children's best interests to remain in the physical custody of petitioner. No useful purpose would be served in detailing the various claims of the parties, except to say that at best the evidence was in conflict. We must not lose sight of the fact that the best interests of the minor children constitute the paramount consideration in determining the issues of custody. Fleharty v. Fleharty, *supra*. A decree fixing the custody of the minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. Carper v. Rokus, 194 Neb. 113, 230 N. W. 2d 468; Bokelman v. Bokelman, 202 Neb. 17, 272 N. W. 2d 916. The discretion of the trial court in determining issues of custody is subject to review, but will not be disturbed on appeal unless it is shown to be a clear abuse of discretion or clearly against the weight of the evidence. Mason v. Mason, 200 Neb. 476, 263 N. W. 2d 865. An examination of the record fails to

disclose either such an abuse or the lack of evidence.

We might add that if the parties truly have the best interests of the children at heart, and we have no doubt they do, some effort to live by the decree for a time would be helpful. Constant conflicts do little to aid the children. The judgment of the trial court is affirmed.

AFFIRMED.