WILLIAM C. COFFEY, APPELLEE, V. JUDITH C. COFFEY, APPELLANT.

286 N. W. 2d 753

Filed January 3, 1980. No. 42475.

John P. Inserra and Raymond Pogge, for appellant.

James P. Costello of Costello & Dugan and Terry M. Anderson of Lathrop, Albracht & Swensen, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

In this action for dissolution, the trial court dissolved the marriage, awarded custody of three minor children, now 14, 10, and 8 years of age, to petitioner-husband, divided the marital property, and ordered respondent-wife to pay $150 per month child support. Respondent appeals, assigning error in each of the principal findings of the trial court, except the dissolution. We affirm.

William C. and Judith C. Coffey were married

January 23, 1965. Each had little property at the time of the marriage, and each worked during the marriage, except for the comparatively short periods in the case of Judith after delivery of each of her children.

At the time of the dissolution, petitioner had custody of the three minor children. The parties stipulated as to the value of their joint assets, which included equity in a home of approximately $17,500, a 1976 Chevrolet half-ton truck valued at $4,250, a 1973 Volkswagen worth $1,875, household furnishings which were not valued by the parties, a savings account in Judith's name at Commercial Federal, and a Bell Federal Credit Union account of $2,427.42.

The trial court awarded the possession of the home to William and required him to continue the principal, interest, and tax payments. Petitioner was awarded the use of the home until the children reach their majority or are no longer entitled to support. Petitioner was also awarded the 1976 pickup, the household furnishings, and his personal effects. Judith was awarded one-half the equity in the home in the amount of $8,750 to be paid after sale, which was ordered to take place not more than 120 days from the termination of the support obligation. Judith received the Volkswagen, the accounts in the credit union, savings account, and her personal effects.

We review the record de novo, but are conscious that the trial court saw and heard the witnesses and was the best judge of their credibility. Young v. Young, 195 Neb. 163, 237 N. W. 2d 135 (1976).

Judith filed an answer in which she alleged that each party was fit and proper to have custody of the children. At trial she sought to amend to allege William was unfit. At the conclusion of the evidence, the trial court overruled the motion. We agree with the trial judge that each party is fit to have custody. The children would no doubt receive

adequate care and supervision from either parent. It is well established that the trial court's determination on granting custody will not ordinarily be disturbed unless there is a clear abuse of discretion. Mason v. Mason, 200 Neb. 476, 263 N. W. 2d 865 (1978). Nor is it error for a trial court to refuse a motion to amend when the relief requested could not properly have been granted in view of the evidence. Omaha Nat. Bank v. Koliopoulos, 204 Neb. 752, 285 N. W. 2d 496 (1979).

The evidence amply supports the trial court's view that each party was a fit person to have custody. The evidence is undisputed that during the marriage both parties shouldered the burden of cooking, household cleaning, and care of the children and that the children love both parents. In their effort to prove their respective fitness and the unfitness of the other, the parties submitted evidence which was both in conflict and inconclusive. Reiteration of the evidence presented with regard to their improprieties would serve no useful purpose. This court is satisfied that the events complained of, although ultimately disruptive to the marriage, had little, if any, effect on the children.

We are left with the question, where two fit persons desire custody, and the trial court chooses one, ought we too easily reverse that decision, absent strong evidence of an abuse of discretion? We must and do place great reliance on the trial court and will not change such an order absent a clear abuse of discretion or unless it is clearly against the weight of the evidence. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853 (1977). We are satisfied the trial judge based his decision on the relevant factors established by section 42-364, R. R. S. 1943.

The division of property appears to be within the parameters of our previous decisions. In any event, we are not advised of the value of the household goods and furnishings which appear to be the princi-

pal bone of contention. Although the respondent complains the property division was unfair, she does not specify what part of it she desires to change. The division is proper and will not be disturbed.

Judith is employed and is earning in excess of $700 per month. An award of $150 per month support for the three children does not appear to be excessive. Both parties to the marriage are obligated to support minor children. Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89 (1974).

The judgment of the trial court is affirmed.

AFFIRMED.