EARL JAMES BRANDT, APPELLANT, V. MARILYN PATRICIA BRANDT, APPELLEE.

417 N.W.2d 339

Filed January 8, 1988.   No. 86-001.

Chris M. Arps, for appellant.

Larry F. Fugit, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

GRANT, J.

The marriage of petitioner-appellant, Earl James Brandt, and respondent-appellee, Marilyn Patricia Brandt, was dissolved on December 5, 1985, after trial in the district court. The court's decree disposed of the property of the parties, ordered alimony, and ordered petitioner to pay $163 per month child support for each of the two children of the parties beginning December 1, 1985, with periodic increases thereafter. The court further ordered that "the Respondent shall, with regard to any child care expenses, pay 32% of those child care expenses and the Petitioner shall pay 68%" and that petitioner should secure health insurance and pay 68 percent of "any unpaid medical or dental expenses . . . ." Petitioner timely appealed to this court and assigns as error that the trial court "abused its discretion . . . in ordering the Appellant to pay support in the sum of $326 plus 68% of child care expenses and 68% of medical expenses" and "in ordering unknown future expenses which cannot be ascertained with [sic] future litigation . . . ." We modify the court's order and affirm the decree as modified.

The record shows that the parties were married in 1973. Two children were born of the marriage, one in 1975 and one in 1977. At the time of trial, the petitioner was employed at an electric company, earning a net income of $246 per week, or $1,066 per month computed on a basis of 4 1/3 weeks per month. In 1983 and 1984, the petitioner was employed at a lawnmower store owned by his father. In 1983, petitioner earned $1,630, and in 1984, $16,144, from this employment. Additionally, at that time, petitioner supplemented his income as a schoolbus driver. The financial condition of the lawnmower company deteriorated in 1985, and the petitioner began work at his present job in October of 1985. Although petitioner was not covered by health insurance at the time of trial, he testified that he would soon be able to obtain insurance for the children without any expense to himself.

Both parties have high school educations. Respondent is a beautician licensed in the State of Nebraska. During the marriage, respondent was employed periodically, but because of the expense of child care, the parties determined that she should quit her job. After the parties were separated in 1984, respondent began working as a prekindergarten teacher. At the time of trial, respondent earned $120 per week, or $520 per month. Respondent testified that monthly expenses for both herself and the children are approximately $530 per month, including $200 per month in child care expenses.

In an appeal in a dissolution of marriage action, this court's review of the trial court's action is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. *Ritchie v. Ritchie*, 226 Neb. 623, 413 N.W.2d 635 (1987); *Taylor v. Taylor*, 222 Neb. 721, 386 N.W.2d 851 (1986); Neb. Rev. Stat. § 25-1925 (Reissue 1985).

This court has adopted child support guidelines effective October 1, 1987. See *Fooks v. Fooks*, 226 Neb. 525, 412 N.W.2d 469 (1987). These guidelines, applied to this case, suggest that the total amount necessary for support for two children is $455 per month, where the parties have a combined monthly net income of $1,586, as in this case. The guidelines further provide that each party's monthly share of child support expenses is to be calculated according to the percentage contributed by each parent to the parties' combined monthly net income. The evidence shows that petitioner contributes approximately two-thirds to the parties' combined monthly net income. The guidelines, applied to this case, suggest that petitioner's support obligation is a total of approximately $300 per month for two children. In performing these mathematical gymnastics, we do not suggest that an appropriate child support and expense order may be found to be accurate to the penny by applying the suggested guidelines. Other evidence in a particular case may call for an amount different (either more or less) than the amount calculated by the court through use of the guidelines. A judge may not satisfy his duty to act equitably toward all concerned, i.e., the parties and the children, by blindly following suggested guidelines.

The district court ordered petitioner to pay $326 per month in child support plus 68 percent of the child care and medical expenses. Neither the guidelines nor the evidence suggests the support payments should be at that level. We hold the child support should be set at $300 per month, or $150 per child per month.

The guidelines also provide that child care expenses are to be computed independently of the child support amount. *Fooks, supra.* We have held that

> a judgment must be sufficiently certain in its terms to be able to be enforced in a manner provided by law. It must be in such a form that a clerk is able to issue an execution upon it which an officer will be able to execute without requiring external proof and another hearing.

*Lenz v. Lenz,* 222 Neb. 85, 89, 382 N.W.2d 323, 327 (1986).

The trial court's order that petitioner pay 68 percent of the child care and other expenses is unenforceable due to lack of definiteness. The evidence shows, without dispute, that child care expenses are $200 per month, as testified to by respondent. As these expenses were capable of ascertainment at the trial of this case, we modify the decree with respect to child care expenses and order petitioner to pay his share of these expenses, or an additional $130 per month for child care expenses, an amount calculated on the same basis as child support expenses.

Insofar as the order required petitioner to pay 68 percent of the medical and dental expenses, there is nothing in the record which would show the amount of these unknown future expenses. That part of the order is not enforceable and is set aside. Petitioner should pay to respondent $150 per month per child as child support plus $130 per month as child care expenses, or a total of $430 per month.

The order of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.