MARLENE DENISE DRUBA, APPELLEE, V. JOHNNIE LEE DRUBA, APPELLANT.

470 N.W.2d 176

Filed June 7, 1991.    No. 89-029.

Lyle Joseph Koenig for appellant.

Wayne L. Garrison, of Garrison & Garrison, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an action for dissolution of marriage. After trial, the district court for Nuckolls County dissolved the marriage of the parties and ordered respondent-appellant husband, Johnnie Lee Druba, to pay child support, alimony, and medical and dental expenses for the parties' three minor children. The husband has appealed to this court, assigning as error the actions of the trial court (1) in awarding alimony and (2) "in requiring respondent to pay medical and dental expenses in addition to child support because such an award exceeds the child support guidelines." We affirm.

In appeals involving actions for dissolution of marriage, the Supreme Court's review is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. When the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *LaBenz v. LaBenz*, 237 Neb. 231, 465 N.W.2d 726 (1991).

The record shows that the parties were married on May 31, 1975, and are the parents of three minor children, one of whom requires medical care for petit mal seizures. No medical insurance was ever carried for the children during the marriage, and the husband has been paying the children's medical expenses.

Both parties have high school educations. The husband owns a trash-hauling business and is self-employed, and the wife operates a child-care service in her home. The wife's child-care service earned net profits of $1,039 in 1987. The husband purchased the trash-hauling business from his father on November 1, 1987, for $30,000. The husband and his father did not execute any formal documents or payment schedule regarding the sale of the business, but agreed that the husband would pay the money back "as soon as [he] could." As of the date of trial, November 30, 1988, the balance owed on the

business was $25,000. The husband testified that he earned a net income of approximately $31,496 between November 1, 1987, and November 1, 1988. This figure does not reflect any payment to the husband's father for the purchase of the business. No evidence was offered as to the present value of the trash-hauling business.

During the marriage, the parties accumulated approximately $23,467.10 in savings and checking accounts. The wife testified that she withdrew half of this money ($11,733.55) and deposited it in her own account after she filed the petition for dissolution. The parties also own a $20,000 house in Superior. There is no mortgage or debt on the house, and no evidence of any debt was presented other than the $25,000 balance due on the trash-hauling business.

In the decree, the district court awarded custody of the three minor children to the wife, ordered the husband to pay child support of $250 per month per child, and ordered the husband to pay alimony of $350 per month for 60 months. Because neither the wife nor the husband wanted to live in the house, the parties were ordered to sell it, with the proceeds of the sale to be divided 35 percent to the wife and 65 percent to the husband. Finally, the husband was ordered to "pay and be responsible for the reasonable and necessary medical bills of each of his children" until each child became of age, became self-supporting, or was otherwise emancipated.

In connection with his first assignment of error, the husband contends the district court did not properly consider the criteria set out in Neb. Rev. Stat. § 42-365 (Reissue 1988), which provides:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any

> minor children in the custody of such party. . . .
>
> While the criteria for reaching a reasonable division of property and a reasonable award of alimony may overlap, the two serve different purposes and are to be considered separately. . . . The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and the other criteria enumerated in this section make it appropriate.

See, also, *Ritz v. Ritz*, 229 Neb. 859, 429 N.W.2d 707 (1988); *Buche v. Buche*, 228 Neb. 624, 423 N.W.2d 488 (1988).

In this case, the parties were married for approximately 13 years. The wife worked in a bakery for 1½ years before the parties' first child was born in June 1978. Since that time, she has worked as a homemaker and operated a child-care service in the home, earning net profits of $1,039 in 1987. Since the parties separated, the wife has been working weekends at a restaurant, earning approximately $40 per weekend. She does not wish to continue with this work. At the hearing, the wife observed that "you can't really make much on baby-sitting," and told the court she wanted to attend a technical school to acquire other job skills.

Although the husband's earnings reached the current level only after he purchased the business in November 1987, his potential for earning income far exceeds that of the wife. For most of the marriage, the wife worked in maintaining the parties' home and caring for the children and could not make large financial contributions to the family. Under the circumstances, the district court did not abuse its discretion in awarding alimony, in that the wife must receive further education or training in order to engage in gainful employment without interfering with the interests of the parties' children, the youngest of whom is now 5 years old. The trial court's order as to alimony to be paid by the husband to the wife is affirmed.

In his second assignment of error, the husband contends the district court erred in requiring him to pay medical and dental expenses as well as child support because such an award exceeds the child support guidelines. In his brief, the husband does not contend the child support award of $250 per month per child is

excessive, nor does the wife complain it is too little. We do not have before us the calculations of the parties or the court as to the determination of this figure, but since all concerned are satisfied, we will not consider the child support amount except for the issue presented by the husband as to the court order concerning the payment of medical expenses.

In connection with this assignment of error, we have asked the parties to brief the issue of whether *Brandt v. Brandt*, 227 Neb. 325, 417 N.W.2d 339 (1988), applies or should apply to awards for future medical expenses.

In *Brandt v. Brandt, supra* at 326, 417 N.W.2d at 340, the district court ordered the petitioner to secure health insurance and "pay 68 percent of 'any unpaid medical or dental expenses . . .' " for two minor children. The record in *Brandt* did not show the amount of the future expenses, which were unknown. We held: "Insofar as the order required petitioner to pay 68 percent of the medical and dental expenses, there is nothing in the record which would show the amount of these unknown future expenses. That part of the order is not enforceable and is set aside." *Id.* at 328, 417 N.W.2d at 341.

This part of the *Brandt* opinion is incorrect and must be overruled. We adhere to the holding in *Brandt* that if expenses are known, it is improper to order a party to pay a percentage of those expenses. In that situation, the court should apply the percentage to the known expenses and reflect that dollar amount in its order.

With regard to future medical and dental expenses, however, the *Brandt* opinion is not correct. In *Brandt*, the petitioner was ordered to provide health insurance, and the opinion was directed to amounts remaining unpaid after application of the insurance. We now hold that a trial court may make appropriate orders as to the manner in which expenses, after the insurance payments, are to be shared. While such an order could not result in the issuance of an execution by a clerk, the order is enforceable through the contempt power of the court. There is no other way that unknown future expenses can be handled. The portion of the *Brandt* opinion to the contrary is overruled.

The situation in this case is somewhat different in that the

husband has never provided insurance for the wife or the children. This cavalier attitude on the part of the husband was never explained during the trial. When the husband was asked as to the reason he did not have health insurance on the children, his attorney unsuccessfully interposed an objection of immateriality. The trial court stated, "I think it is material. He can answer the question." The matter was not pursued, however, and the record is silent on the issue.

We note that the child support guidelines in effect at the time of the trial provided that among the appropriate deductions before calculating monthly net income of a party is "Health Insurance." The husband has not furnished health insurance and has not explained that lack. He has not adduced any evidence on that issue and has not alleged any credit he claims in that regard. He is, therefore, not entitled to any credit such as allowed by the guidelines. It is obvious that in this day and age, if a parent does not wish to provide such insurance for his children, that parent must be ready to pay for health care for the children. In the case before us, the disparity in income between the husband and wife is obvious and great. The responsibility of a parent to fully care for his or her children goes beyond anything a court can order. We determine, in this case, that the trial court did not abuse its discretion in ordering the husband herein to pay the possible future medical and dental bills of his children.

In so holding, we note that at least one of the parties' children requires regular medical attention for a specific illness and that the husband has paid for this health care in the past. Both parents have the duty to support their minor children, *Coffey v. Coffey*, 205 Neb. 191, 286 N.W.2d 753 (1980), and the children's need for future necessary medical services may not be ignored by either parent.

The wife is awarded the sum of $500 to be applied on her attorney fees in connection with this appeal. The judgment of the district court is affirmed.

AFFIRMED.