KURT A. KNIPPELMIER, APPELLANT, V. KIMBERLY ANN KNIPPELMIER, APPELLEE.

470 N.W.2d 798

Filed June 21, 1991. No. 89-135.

Louie M. Ligouri for appellant.

Steven J. Mercure, of Nestor & Mercure, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

GRANT, J.

This is an action for dissolution of marriage. Petitioner-appellant husband, Kurt A. Knippelmier, and respondent-appellee wife, Kimberly Ann Knippelmier, were married on August 27, 1983. Two children were born to the marriage: Stanley Kyle, born June 24, 1986, and Kristin Ann, born January 23, 1988. The marriage was dissolved by a decree entered by the district court for Nemaha County, Nebraska, on February 8, 1989.

Pursuant to a property settlement agreement approved by the district court, the husband was awarded a 1982 Ford Bronco; the assets of his automotive repair business, which he and his father operate as a partnership; certain real estate, including the family home; and household personalty. The Bronco, the real estate, and the husband's interest in the automotive repair business have a combined total value of $33,800. The husband assumed payment for all the parties' debts, totaling $32,031.33, which were incurred prior to their separation on September 9, 1988. The wife received a 1979 Oldsmobile station wagon worth $2,000, a life insurance policy, her 401K retirement plan, and household goods. The parties agreed that no alimony would be paid. The parties also agreed that the wife would have custody of the children, subject to specific visitation in the husband.

After trial, the court ordered the husband to pay child support of $113.75 per child plus $150 per month toward the child-care expenses. The husband timely appealed, contending that the trial court erred in (1) setting child support in an amount above that established by the Nebraska Child Support Guidelines, (2) fixing day-care expenses in an excessive amount, and (3) ordering an automatic increase in child support to be

payable beginning September 1, 1995. We determine appellant husband is correct only in his third assignment of error and affirm the judgment of the trial court, as modified herein.

In appeals involving actions for dissolution of marriage, the Supreme Court's review is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. When the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *LaBenz v. LaBenz*, 237 Neb. 231, 465 N.W.2d 726 (1991).

The record shows the following: The parties were married on August 27, 1983, and are the parents of two children, ages 4 and 3. They agreed that the wife would receive custody of the children and that neither party would pay alimony to the other.

Both parties have high school educations. During the marriage, the wife was the primary wage earner and was employed by a Hinky Dinky supermarket in Auburn. Shortly before trial, the wife moved to Lincoln, and she began employment with Hinky Dinky in Lincoln 5 days before the trial. At the time of trial, she earned $5.25 per hour, had a monthly gross income of $910, and estimated her child-care costs in Lincoln would be $448 per month. While employed in Auburn, the wife earned $700 per month, with child-care expenses of either $380 or $288 per month. The difference in those amounts is not explained, but may be connected with the fact that while in Auburn, the wife had assistance from relatives.

The husband testified that he is an able-bodied man and is capable of gainful employment. He had no taxable income in 1985, earned approximately $5,000 in 1986, and earned $3,276 in 1987. At the time of trial, the husband was self-employed in an automotive repair business with his father. The business had been in operation for 2 years. At the time of trial, the husband's affidavit showed estimated gross earnings from the automotive repair business were $615 per month, and his estimated monthly net income was $465.

Based on the foregoing, the district court found that "the

Petitioner has the same earning capacity and ability as the Respondent and the net income of the Respondent is presently approximately $750.00 per month." The husband was ordered to pay child support of $113.75 per month per child

> until the youngest child . . . born January 23, 1988, is enrolled and attending school, at which time the [husband] shall pay . . . the sum of $150.00 per child per month for a total sum of $300.00 per month for the support of the above-named minor children of the parties, payable on the 1st day of September, 1995, and continuing thereafter . . . .

The court also ordered the husband to pay $150 per month for child-care expenses "until both of the minor children of the parties hereto are regularly enrolled in and attending school." The court also specified certain visitation adjustments in the support order.

In general, child support payments should be set according to the guidelines established by the Nebraska Supreme Court.

Neb. Rev. Stat. § 42-364(4) (Reissue 1988) provides:

> In determining the amount of child support to be paid by a parent, the court shall consider the earning capacity of each parent and the guidelines provided by the Supreme Court pursuant to section 42-364.16 for the establishment of child support obligations. . . .

Neb. Rev. Stat. § 42-364.16 (Reissue 1988) provides:

> The Supreme Court shall provide by court rule, as a rebuttable presumption, guidelines for the establishment of all child support obligations. Child support shall be established in accordance with such guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order.

Thus, the court may deviate from the guidelines whenever the application of the guidelines in an individual case would be unjust or inappropriate.

The child support guidelines of the Nebraska Supreme Court apply to any child support award made from and after October 1, 1987. *Stuczynski v. Stuczynski, ante* p. 368, 471 N.W.2d

122 (1991); *Formanack v. Formanack*, 234 Neb. 325, 451 N.W.2d 250 (1990).

This case presents a contrast with *Stuczynski v. Stuczynski, supra*, where the husband worked two jobs to support his wife and children. In the instant case, for reasons not shown, the husband works, if at all, at jobs paying less than minimum wage, thus leaving the support of his children primarily to his wife.

Reviewing the record de novo, we find that there is sufficient evidence in the record to rebut the presumption that the child support guidelines should be applied in this case. Although there is no specific evidence in the record to support the trial court's conclusions that "in this country there still is no [parity] in opportunities for jobs between men and women" and that "there are ten times the opportunities out there for [petitioner] to make twice as much as [respondent is] making, with less opportunities," the court properly considered the fact that the husband admitted he is able-bodied and is capable of gainful employment, with some skills in the automobile repair business.

In *Burhoop v. Burhoop*, 221 Neb. 657, 661, 380 N.W.2d 254, 257 (1986), a case concerning an award of alimony, we said that "the earning capacity of both parties in a dissolution of marriage should be considered" and that "[t]he actual earning capacity of a spouse is frequently more important than the profitability of that spouse's business in determining the propriety of an award of alimony." *Id.* at 662, 380 N.W.2d at 258. Accord *Keim v. Keim*, 228 Neb. 684, 424 N.W.2d 112 (1988). The same is true of child support. See, e.g., *State v. Smith*, 231 Neb. 740, 437 N.W.2d 803 (1989). Under the circumstances presented in this case, a strict application of the guidelines would have discounted the husband's earning capacity and placed an unfair burden on the wife.

Having determined that a strict application of the child support guidelines would be inequitable in this case, we consider the husband's contention that the child support award is excessive. Both parents have the duty to support their minor children. *Druba v. Druba, ante* p. 279, 470 N.W.2d 176 (1991); *Coffey v. Coffey*, 205 Neb. 191, 286 N.W.2d 753 (1980).

Although not identical, the situation is similar to that presented in *State v. Smith, supra* at 743-44, 437 N.W.2d at 806, a paternity action:

> Smith testified that before 1986, he worked as a state brand inspector, making approximately $18,000 per year. At the beginning of 1986, after he knew he was accused of being [the child's] father, he quit his job to work on his parents' ranch. He receives no compensation for working on the ranch other than room and board. He occasionally works day labor jobs as a ranch hand for approximately $50 per day. This work varies depending on the season. He also raises a few cattle on his own. His tax returns indicate he has continually lost money on this venture. The court found, although Smith had made a business decision to cease being a brand inspector, it was not a factor to be considered in determining the amount of child support he should pay. *Based upon his earning capacity*, as evidenced by his earnings as a brand inspector, the court ordered Smith to pay $200 per month in child support.

(Emphasis supplied.) We held in *State v. Smith* that the trial court did not abuse its discretion in ordering the father to pay $200 per month child support.

In the present case, the wife earns gross income of approximately $910 per month. She began to receive those higher earnings 5 days before the trial. The husband has a high school education, is self-employed as an auto mechanic, and testified that there was no reason he could not obtain other employment. The record shows that the husband estimated in 1988 he would make gross income of approximately $615 per month. This amount, in itself, would result in substantially higher income than the husband's self-employment income of $3,276 in 1987. In setting child support payments at $113.75 per month per child (rather than at the $78.65 amount suggested by the husband), the district court assumed that the husband had the capacity to earn at least as much money as the wife. Although there is no specific testimony in the record on this point, we reiterate that both parents have the duty to support their minor children and conclude that, under the circumstances, the trial court did not abuse its discretion in

setting child support at $113.75 per month per child. The amounts are almost minimal, and the husband, as a father, should be expected to help support his children.

The husband further contends that the district court erred in ordering him to pay day-care expenses in an excessive amount. The child support guidelines effective on the date of trial provided that "[d]ay-care expenses are not specifically computed into the guidelines amount and are to be considered independently of any amount computed by use of these guidelines." See *Fooks v. Fooks*, 226 Neb. 525, 412 N.W.2d 469 (1987). The wife testified that since moving to Lincoln she could no longer receive help from relatives with day care. She estimated she would now be required to pay approximately $448 per month in child-care expenses. Under the circumstances, the trial court did not abuse its discretion in ordering the husband to contribute $150 per month toward child-care expenses.

The husband contends finally that the district court erred in ordering an automatic increase in child support, to be payable beginning September 1, 1995. In making the contention that his child support payments will be increased in 1995, the husband overlooks the fact that at the same time, the court's order provides that his contribution toward the child-care expenses incurred by the wife will be terminated when the younger child begins attending school. The net effect of the decree in this regard is to terminate the husband's obligation to contribute to the child-care expenses in the amount of $150 per month at the time the younger child begins attending school, and to increase his child support at the same time to $300 per month from $227.50 per month. This amounts to a net decrease in overall child support and child-care payments to the wife of $77.50 per month as of September 1, 1995.

In determining the amount of a child support award, the trial court must consider the status, character, and situation of the parties and attendant circumstances, including the financial condition of the parties and the estimated cost of support of the children. *Formanack v. Formanack*, 234 Neb. 325, 451 N.W.2d 250 (1990). While the record supports the trial court's child support award and award of child-care expenses as of the date

of the dissolution hearing, there was no evidence presented showing what the financial condition of the parties, the estimated cost of supporting the children, or the child-care expenses will be in September 1995. While the child-care expenses may or may not decrease when the younger child begins to attend school, it does not appear to us that such expenses will vanish. The wife may need more assistance from the husband at that time if she is to continue to be the primary support of the children. Accordingly, in view of the particular circumstances of this case, we find that an automatic decrease on September 1, 1995, in total payments made by the husband should not be ordered at this time. The district court erred in ordering an automatic change in total payments, effective that date. Should the circumstances materially change in the future, either party may petition the district court to modify the decree at that time.

We note that the current requirements of the Nebraska Child Support Guidelines in paragraph H specifically provide for the situation in which more than one child is involved. See *Stuczynski v. Stuczynski, ante* p. 368, 471 N.W.2d 122 (1991). In view of the young ages of the children herein and the fact we are not applying the guidelines herein, we do not provide for the situation in which one child becomes emancipated.

The decree is modified to delete the requirement that the husband pay increased child support beginning September 1, 1995, and to delete the requirement that the husband's payments for child-care expenses be terminated on the same day. In all other respects, the judgment of the district court is affirmed.

The wife is awarded the sum of $100 to be applied toward her attorney fees in this court.

AFFIRMED AS MODIFIED.