ANN MARIE DWORAK, APPELLEE, V. ANTHONY RAY FUGIT,
APPELLANT.
495 N.W.2d 47

Filed November 10, 1992.   No. A-90-1254.

Michael L. Munch, of Hascall, Jungers & Garvey, for appellant.

Elizabeth Stuht Borchers, of Marks & Clare, for appellee.

SIEVERS, Chief Judge, and CONNOLLY and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Ann Marie Dworak, appellee, commenced a filiation proceeding against Anthony Ray Fugit, appellant, pursuant to Neb. Rev. Stat. ch. 43, art. 14 (Reissue 1988). The district court entered judgment that Fugit is the father of David Anthony Dworak. The trial court further ordered Fugit to pay child

support of $150 per month, day-care expenses of $96.75 per month, pregnancy-related medical bills of $1,178, and genetic testing expenses of $130. The trial court established a visitation schedule and ordered Fugit to assume medical insurance coverage for the child when employment permitted. Fugit appeals the trial court's order, claiming that (1) the child support awarded is excessive and (2) the day-care expense awarded was error because it disregards whether the day-care expense is work related or school related. For the reasons recited below, the trial court's order is affirmed.

Pursuant to §§ 43-1402 and 43-1406, child support in a filiation proceeding is characterized as "equitable" in nature, and the issue of child support is initially left to the discretion of the trial court. *Lancaster v. Brenneis*, 227 Neb. 371, 417 N.W.2d 767 (1988). Based on this record, an appellate court's "review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion." *Id.* at 374, 417 N.W.2d at 769. See, generally, *Adcock v. Adcock*, 239 Neb. 705, 477 N.W.2d 583 (1991). In cases interpreting predecessor statutes to § 43-1406, it has also been said that the trial court's "award may not be disturbed unless discretion has been abused and the amount fixed is manifestly excessive." *Race v. Mrsny*, 155 Neb. 679, 681, 53 N.W.2d 88, 89 (1952).

According to the record, in December 1989, Dworak filed a "Petition to Establish Paternity" of David Anthony Dworak, born May 16, 1989. Following discovery, including two motions to compel filed against Fugit, the case was tried in Douglas County District Court on October 23, 1990. At trial, Fugit admitted he was the natural father of the child.

The testimony at trial regarding earnings shows that Dworak worked part time at Younkers Department Store and that she had year-to-date earnings of $4,376.96 as of October 13, 1990. She testified that she was a full-time industrial psychology student at the University of Nebraska at Omaha and that she incurred approximately $45 per week in day-care expenses. Dworak testified that she had received a total of $75 from Fugit since the birth of their child.

With respect to Fugit's earnings, the trial evidence shows that Fugit's gross earnings for the 4 years prior to trial were as follows:

| | |
|---|---|
| 1986 | $10,187.32 |
| 1987 | 8,392.86 |
| 1988 | 4,553.70 |
| 1989 | 10,212.09 |

Fugit testified that he had voluntarily left his Westin Hotels and Resorts employment in the spring of 1990 to start a restaurant cleaning business, that at the time of trial he had net income of $57 per month, and that he resided with his parents.

On November 13, 1990, the trial court ordered, inter alia, that Fugit pay $150 per month child support and $96.75 per month day-care expenses. Fugit's motion for new trial was denied, and this appeal followed.

On appeal, Fugit argues that in setting child support at $150 per month, the trial court erroneously disregarded Fugit's income of $57 per month; that based on the Nebraska Child Support Guidelines, Fugit would owe nothing; and that the day-care expense award of $96.75 per month was an abuse of discretion. We do not agree.

The courts have frequently observed that both parents have a duty to support their minor children. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991); *Druba v. Druba*, 238 Neb. 279, 470 N.W.2d 176 (1991); *Coffey v. Coffey*, 205 Neb. 191, 286 N.W.2d 753 (1980). The amount of child support awarded is a function of the status, character, and situation of the parties. *Hamm v. Hamm*, 228 Neb. 294, 422 N.W.2d 336 (1988). The primary consideration in determining the level of child support payments is the best interests of the child. *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991).

In establishing child support awards, it has been held that the Nebraska Child Support Guidelines apply to child support awards made from and after October 1, 1987. *Stuczynski v. Stuczynski*, 238 Neb. 368, 471 N.W.2d 122 (1991). The court may "deviate from the guidelines where one or both parties have provided sufficient evidence to rebut the presumption that the guidelines should be applied." *Czaplewski v. Czaplewski*, 240 Neb. 629, 631, 483 N.W.2d 751, 752 (1992). Accord *Polly v.*

*Polly, ante* p. 121, 487 N.W.2d 558 (1992). Where the earning capacity of a party is sufficiently different than his or her income at trial, the courts in their equitable capacity will deviate from application of the child support guidelines. See, *Knippelmier v. Knippelmier, supra*; *State v. Smith*, 231 Neb. 740, 437 N.W.2d 803 (1989).

The court finds the case of *State v. Smith, supra*, similar to the instant case. In *Smith*, the putative father in a paternity action had earned $18,000 per year as a state brand inspector. After learning that he was accused of being the father of the child in question, Smith quit his job to work at his parents' ranch, receiving room and board, but no compensation. "Based upon his earning capacity, as evidenced by his earnings as a brand inspector," the Nebraska Supreme Court affirmed the trial court's order requiring Smith to pay $200 per month in child support. *Id*. at 744, 437 N.W.2d at 806. In the instant case, Fugit has demonstrated through prior employment that he has the earning capacity to make more income than he was receiving at the time of trial. At this time, Fugit's parental obligations may not permit him the luxury of promoting a new cleaning service and earning less than his demonstrated capacity. The trial court did not abuse its discretion in making the child support award.

With respect to Fugit's claimed error that he should not be obliged to pay day-care expenses because some or all of those expenses are occasioned by Dworak's attending school, this court finds no abuse of discretion. Pursuant to the Nebraska Child Support Guidelines and dissolution cases involving day care, which we logically apply to this filiation action, the trial court is permitted to award day-care expenses independent of and in addition to child support based on all the circumstances of the parties. See, *Knippelmier v. Knippelmier, supra*; *Fooks v. Fooks*, 226 Neb. 525, 412 N.W.2d 469 (1987). A review of the evidence supports the conclusion that the day-care expense of the child was adequately proved and that the award was reasonable. The trial court did not abuse its discretion in making the day-care award.

In her brief, Dworak claims that the trial court erred in failing to grant her request for attorney fees. In Nebraska, the

proper filing of an appeal vests the appellee with the right to cross-appeal, and the appellee need only assert the cross-appeal in the appellee's brief, as provided by Neb. Ct. R. of Prac. 9D(4) (rev. 1992). Neb. Ct. R. of Prac. 1E (rev. 1992).

Rule 9D(4) requires that when the brief of an appellee presents a cross-appeal, it is to be noted on the cover of the brief and set forth in a separate division of the brief entitled "brief on cross-appeal" and that the cross-appeal "shall be prepared in the same manner and under the same rules as the brief of appellant."

A cross-appeal exists in this state only by virtue of the rules of the Nebraska Supreme Court. *Williams v. Gering Pub. Schools*, 236 Neb. 722, 463 N.W.2d 799 (1990). To perfect a cross-appeal, an appellee must comply with the rules in order for an appellate court to attain jurisdiction. *Id*. Dworak's brief does not comply with the rules for proper presentation of a cross-appeal, and, therefore, the court does not have jurisdiction over the issue of attorney fees.

Based on the record and the circumstances of the parties reflected therein, the trial court did not abuse its discretion in ordering Fugit to pay child support of $150 per month and day-care expenses of $96.75 per month. The order of the trial court is affirmed.

AFFIRMED.