BONNIE L. MCCALL, APPELLANT, V. RODNEY F. MCCALL, APPELLEE.

496 N.W.2d 8

Filed November 24, 1992. No. A-90-1253.

Roberta S. Stick, of Legal Services of Southeast Nebraska, for appellant.

Richard Register for appellee.

HANNON, IRWIN, and WRIGHT, Judges.

IRWIN, Judge.

This is an action for dissolution of marriage. Petitioner, Bonnie L. McCall, appeals from the judgment of the district court for York County, Nebraska. She asks that the decree entered be modified as to child support and that the decree allocate responsibility for payment of marital debts. She alleges that the district court erred in failing to (1) use the Nebraska Child Support Guidelines to determine the amount of child support and (2) make provision in the decree regarding responsibility for payment of debts incurred by the parties during their marriage.

## STANDARD OF REVIEW

In appeals involving actions for dissolution of marriage, an appellate court's review is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). When the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## BACKGROUND

On June 19, 1990, Bonnie L. McCall filed a petition seeking a dissolution of marriage, equitable distribution of property and allocation of marital debts, custody of the three minor children of the parties, child support, and alimony. On July 16, Rodney F. McCall filed an answer and cross-petition, alleging that the marriage was not irretrievably broken. He asked that a decree of legal separation be entered, and he requested joint custody of the children. He also asked that there be temporary and permanent child support.

Trial was held on October 30, 1990. Rodney agreed that Bonnie could continue to have custody of the children. Bonnie testified that she believed her marriage was irretrievably broken because the problems they had experienced were cyclical and reconciliation was improbable. Rodney disputed that the marriage was irretrievably broken, but acknowledged that Bonnie believed it was.

Bonnie testified that she was unemployed and was making plans to be retrained because she was no longer able to engage in an occupation requiring hard labor. During the marriage, she had worked cleaning a bank at night and taking care of elderly persons in the morning. She had also provided day care for several children in her home. She testified that she was unable to do this work at the time of the hearing due to a broken coccyx she sustained during a fight with her husband. She testified that she planned to go to school and that in conjunction with that, she would incur child-care expenses of $108 per week. The children were ages 6, 5, and 3 at the time of the hearing. Bonnie testified that she earned about $5,000 annually from her previous employment.

At the time of the hearing, Rodney was employed by Stephens and Smith Construction Company. He testified that despite some changes in employment, he had essentially been employed continuously for the past 13 years. According to his testimony, his 1989 income was $12,500 and his 1990 income as of the date of the trial was $14,500. Rodney indicated his willingness to maintain health insurance coverage for his children as long as it is available through his employer.

The court entered a decree on November 29, 1990, directing

Rodney to pay $100 per month per child in child support until the children are emancipated. He was also directed to pay $25 per month per child in child-care expenses.

Bonnie had proposed an allocation of debts. In great part, it amounted to each party paying the debts in his or her own name. Rodney agreed with the proposed allocation except for a $150 indebtedness Bonnie claimed he owed her. The decree did not address responsibility for marital debts.

## DISCUSSION

*Child Support.*

Bonnie argues that Rodney's child support obligation should have been set in conformity with the Nebraska Child Support Guidelines at $446 per month, rather than $300 as ordered by the trial court.

The child support guidelines of the Nebraska Supreme Court apply to any child support award made from and after October 1, 1987. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). In general, child support payments should be set according to the guidelines established pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 1988). *Knippelmier v. Knippelmier, supra.* Section 42-364.16 provides that child support shall be established in accordance with the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the application of the guidelines will result in a fair and equitable child support order. *Knippelmier v. Knippelmier, supra.* Thus, the court may deviate from the guidelines in an individual case if the application of the guidelines would be unjust or inappropriate. Under paragraph C of the guidelines, the court's finding that the guidelines should not apply is to be in writing or on the record. *Knippelmier v. Knippelmier, supra.* The trial court made no such finding. We also note that the trial court made no finding on the record as to Rodney's net income. Both these omissions are puzzling to this court and begot work that need not have existed for the reviewing court.

Reviewing the record de novo, we find that there is no finding in writing or on the record to rebut the presumption that the child support guidelines should be applied. While it is true

that a judge does not satisfy his duty to act equitably toward all concerned, i.e., the parties and the children, by blindly following suggested guidelines, *Brandt v. Brandt*, 227 Neb. 325, 417 N.W.2d 339 (1988), *overruled on other grounds, Druba v. Druba*, 238 Neb. 279, 470 N.W.2d 176 (1991), the above-mentioned specific finding is still required. In determining the amount of a child support award, the trial court must consider the status, character, and situation of the parties and attendant circumstances, including the financial condition of the parties and the estimated cost of support of the children. *Knippelmier v. Knippelmier, supra.*

In paragraph H of the guidelines, it is stated:

If there is more than one child, the court's order should specify the amount of child support due for each child, and, in any event, the order should specifically set forth the amount of child support which will be due as each child becomes of age or self-supporting. The amount due for each possibility should be calculated separately from table 1. . . . The order should direct that child support continue only until each child reaches majority under Nebraska law, becomes emancipated, becomes self-supporting, marries, or dies, or until further order of the court.

In the decree in this case, the trial court ordered:

The respondent shall pay child support for the support of the minor children in the sum of $100 per month per child and child care in the sum of $25 per month per child commencing December 1, 1990, and upon the first day of each month thereafter until said children are emancipated.

This language does not meet the requirements of paragraph H. The decree is modified to state that child support payments continue until any one of the circumstances listed in paragraph H occurs.

In addition, the amount a parent is ordered to pay for child care should be set out if the total expenses are known. *Druba v. Druba, supra.* If the amount is unknown, the court may make appropriate orders as to the manner in which such expenses are to be shared. *Id.* We again note that in the future it would be helpful if the reviewing court were presented with the trial

court's worksheet of basic net income and support calculations used in calculating child-care expenses.

Referring to the guidelines, Bonnie argues that child support in this case should total $446 per month for three children, $357 for two children, and $230 for one child, based on Rodney's net income. We agree. We find that the evidence established Rodney's net monthly income as $1,024. The above-mentioned dollar amounts are those required by the guidelines for net monthly income of $1,024. We modify the decree to reflect this change in child support.

*Marital Debts.*

The decree did not discuss, as it should have, the marital debts. We hereby modify the decree to state that each party shall assume all debts held in his or her name. We affirm the judgment of the district court as modified.

AFFIRMED AS MODIFIED.