OMAHA PROCESSORS AND LIBERTY MUTUAL INSURANCE
COMPANY, APPELLEES AND CROSS-APPELLEES, V. DONALD
BLOOMQUIST, APPELLANT AND CROSS-APPELLEE, NEBRASKA
SECOND INJURY FUND, APPELLEE AND CROSS-APPELLANT.

465 N.W.2d 731

Filed February 15, 1991.   No. 90-123.

Peter J. Hoagland for appellant.

Kathleen C. Vance, of Schmid, Mooney & Frederick, P.C., for appellees Omaha Processors and Liberty Mutual.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee Second Injury Fund.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from an order of the Workers' Compensation Court which denied appellant's claim for temporary disability benefits which had been discontinued by the employer.

An award was entered in this case on January 21, 1988, finding that appellant had suffered injuries to his head and cervical spine as a result of an accident arising out of and in the course of his employment. The award was not appealed. Benefits were paid, and medical and hospital expenses reimbursed. However, benefits were terminated effective July 5, 1988.

In response to appellant's claim for additional compensation, the employer, Omaha Processors, impleaded the Nebraska Second Injury Fund. The Second Injury Fund objected in the Workers' Compensation Court, and in this court, to the joinder, arguing that since essential issues, e.g.,

causation, were decided in the initial hearing to which it was not a party, the joinder is prohibited by *Pollard v. Wright's Tree Service, Inc.*, 212 Neb. 187, 322 N.W.2d 397 (1982). In view of our disposition, we do not reach that issue.

The assignments of error are addressed to the points that the court erred in reversing the order of the single judge, in finding no disability, and in failing to order certain rehabilitation payments. "In our review, findings of fact made by the Nebraska Workers' Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside on appeal unless clearly wrong." *Yager v. Bellco Midwest,* 236 Neb. 888, 893, 464 N.W.2d 335, 339 (1991).

On our examination of the record, there is evidentiary support for the court's finding of no disability. Thus supported, the factual resolution by the compensation court is binding on us. We have no choice but to affirm.

Since there is no judgment adverse to the Second Injury Fund, we do not rule on their objection to joinder.

AFFIRMED.

CAPORALE, J., not participating in the decision.