RODNEY PHELPS, APPELLANT, V. JOYCE PHELPS, APPELLEE.
477 N.W.2d 552

Filed December 6, 1991. No. 89-413.

Paul M. Conley for appellant.

James A. Cada, of Bailey, Polsky, Cada, Cope & Wood, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an action to modify a dissolution decree which was entered in 1977. On October 6, 1988, the appellee, Joyce Phelps, filed a petition to modify the decree to increase child support for the parties' minor child, born August 16, 1975. On March 2, 1989, the district court entered an order raising the appellant's child support obligation from $125 per month to $400 per month. Appellant's motion for new trial was overruled on March 31.

The appellant filed his notice of appeal on May 1, 1989. On the same day, he filed a motion in the district court asking the court to place the increased child support in escrow. In June 1989, pursuant to Neb. Rev. Stat. § 42-351(2) (Reissue 1988), the district court entered orders that a portion of the appellant's monthly child support payments be placed in escrow.

The appellant contends in this court that the district court erred in increasing his child support obligation to $400 per month. Modification of child support is an issue entrusted to the discretion of the trial court. Appellate review of such issues is de novo on the record, but absent an abuse of discretion by

the trial court, its decision will be affirmed on appeal. The de novo review is also qualified by the fact that where there is a conflict in the evidence, weight is given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other. *Dobbins v. Dobbins*, 226 Neb. 465, 411 N.W.2d 644 (1987).

The record shows that when the parties' marriage was dissolved in 1977, the appellant earned approximately $11,000 per year working as a firefighter for the city of Lincoln. He has remained in that position and now earns $28,000 per year, plus insurance and pension benefits, from that job. The appellant also receives approximately $200 per month net income from rental property. He and his present wife have also owned and operated an antique store in Lincoln for the past 8 years. The appellant testified that neither of them draws a salary from their antique business, but that they have reinvested their profits in the business. He testified that he did not know what his equity in the antique business was, that he did not know what his income from the antique business was, that he did not declare any income on his income tax returns from the antique business, and that he put between $10,000 and $20,000 back into the antique business in 1988.

The appellee worked as a receptionist after the 1977 decree, earning approximately $3 per hour, with several periods of unemployment. In May 1986, she had an accident and cut the tendons in her right hand. The wound became infected after surgery and the appellee was eventually diagnosed as having "RS dystrophy," which was described as the constricting of blood vessels and arteries in an injured limb. She also suffered a collapsed lung and pneumonia as a result of her treatment for RS dystrophy. As of the hearing date, the appellee was unemployed and her doctor had not released her for job training efforts.

We have held that a party seeking to modify a child support order must show a material change in circumstances which occurred subsequent to the entry of the original decree and was not contemplated when the decree was first entered. See *Schmitt v. Schmitt, post* p. 632, 477 N.W.2d 563 (1991). In this case, the appellant contends the district court erred in

concluding that "a raise of almost 150% was a material and substantial change in circumstance," brief for appellant at 12-13, and that "[i]n a modification of decree proceeding, an increase in child support award based solely upon the current income formula applied to the Nebraska Child Support Guidelines is an abuse of discretion," brief for appellant at 16. Our opinion in *Schmitt* disposes of these issues.

In *Schmitt v. Schmitt, supra*, the parties' marriage was dissolved in August 1987 and the husband was ordered to pay $100 per month per child for the first 36 months and $150 per month per child thereafter for the support of three minor children. The Nebraska Child Support Guidelines became operative on October 1, 1987, and the wife sought modification of the child support order due to a material change in circumstances, contending that the guidelines suggested a total child support obligation of approximately $880 per month. We noted in *Schmitt, supra* at 637, 477 N.W.2d at 566, that the implementation of certain federal and state statutes "may well render the concept of 'material change of circumstances' of much less concern," and held that the adoption of the Nebraska Child Support Guidelines effective October 1, 1987, constituted a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date.

In general, child support payments should be set according to the Nebraska Child Support Guidelines, which compute the presumptive share of each parent's child support obligation. *Peterson v. Peterson, ante* p. 113, 474 N.W.2d 862 (1991); *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). See Neb. Rev. Stat. § 42-364.16 (Reissue 1988). The court may deviate from the guidelines whenever the application of the guidelines in an individual case would be unjust or inappropriate. *Knippelmier v. Knippelmier, supra*. The primary interest in determining the level of child support payments is the best interests of the children. *Schmitt v. Schmitt, supra*; *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991).

Despite the suggestion of the appellant that his child support obligation should not be increased because the appellee is now

married to a man who makes approximately $25,000 per year and because she "blew" a $3,000 settlement she received in an interim divorce, which is irrelevant, the appellant has offered no evidence tending to rebut the presumption that the child support guidelines should be applied in this case.

In our application of the guidelines, the record shows that the appellant has monthly net income of $2,208.46, even excluding the income generated by the antique business. In contrast, the appellee is disabled, has no income of her own, and has essentially no earning capacity. See *Knippelmier v. Knippelmier, supra*. Under the circumstances, the district court did not err in ordering the appellant to pay $400 per month child support, as calculated under the child support guidelines.

Finally, we consider whether it was plain error for the district court to enter the escrow orders referred to above. We have defined plain error as

" 'error which was unasserted or uncomplained of at trial or on appeal, but is plainly evident from the record, which prejudicially affects a litigant's substantial right and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.' "

*State on behalf of Garcia v. Garcia*, 238 Neb. 455, 458, 471 N.W.2d 388, 390 (1991).

In this regard, the record shows that on May 1, 1989, the same day he filed his notice of appeal, the appellant filed a motion in the district court asking the court "to enter an Order directing the Clerk of the District Court to accept the increased child support but to place the money in escrow and not pay it to [appellee] during the pendency of Petitioner's appeal to the Nebraska Supreme Court." On June 2, 1989, the district court made the following ruling on the appellant's motion to escrow the increased child support:

Pursuant to . . . § 42-351(2), pending appeal, Court's child support order of $450/month [sic] remains in effect; however, only $325 thereof is to be disbursed to [appellee] and the remaining $125 [sic], is to be held in an interest bearing account by the Clerk pending resolution of the appeal.

On the court's own motion, and following separate conversations with counsel for both parties, the court vacated and set aside its order of June 2, 1989, and entered the following order on June 7:

Pursuant to . . . § 42-351(2), pending resolution of the plaintiff's appeal, the Court's child support order of $400 dated 3-2-89 is modified effective 5-31-89 so that the Plaintiff owes to the minor child the sum of $75/month, said sum to be paid through the Clerk of the District Court and to be held by the Clerk in an interest bearing account pending determination of the plaintiff's appeal.

Section 42-351(2) provides:

When final orders relating to proceedings governed by sections 42-347 to 42-379 are on appeal to the Supreme Court and such appeal is pending, the district court that issued such orders shall retain jurisdiction to provide for such orders regarding custody, visitation, or support *or other appropriate orders in aid of the appeal process*.

(Emphasis supplied.)

Neither party has assigned any errors relating to the escrow orders; however, both parties sought guidance on the matter during oral arguments.

In this case, the appellant could have asked for an escrow arrangement at the time the modification order was entered. We believe the case does not present the type of situation contemplated by § 42-351(2). Although the district court retains jurisdiction to enter orders pertaining to custody, visitation, and support while an appeal is pending, the statute was meant to protect the interests of dependent children, not the parents' financial interests. In this case the order that a part of the child support payments be held in escrow while the appeal was pending was an abuse of discretion.

The district court's order increasing the appellant's child support obligation to $400 per month is affirmed. The clerk of district court is ordered to remit all payments held in escrow to the appellee.

AFFIRMED IN PART, AND IN PART REVERSED.