DOUGLAS M. PHIPPS, APPELLANT, V. MILTON G. WALDBAUM & CO., A CORPORATION, ET AL., DEFENDANTS AND THIRD-PARTY PLAINTIFFS, AND STATE OF NEBRASKA, SECOND INJURY FUND, THIRD-PARTY DEFENDANT, APPELLEES.

477 N.W.2d 919

Filed December 20, 1991.  No. 91-346.

Kathleen Koenig Rockey, of Domina & Copple, P.C., for appellant.

Jay L. Welch, of Rickerson, Welch & Kruger, for appellees corporation et al.

Don Stenberg, Attorney General, and John R. Thompson for appellee State.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workers' Compensation Act.

The plaintiff, Douglas M. Phipps, was injured in an accident on June 28, 1989, while employed by the defendant Milton G. Waldbaum & Co. The accident occurred when the plaintiff slipped and fell, causing a bucket of alkali to splash on his face and body. Fellow employees immediately flushed the plaintiff's right eye with water and took him for treatment to the Benthack Clinic in Wayne, Nebraska, where he was seen by a physician's assistant, Gary West, and by a Dr. Benthack. The plaintiff was then referred to an ophthalmologist in Sioux City, Iowa, Dr. Larry Zweben.

Dr. Zweben saw the plaintiff on June 29 and 30 and July 3, 1989. In spite of evidence of healing, the plaintiff continued to complain of blurred vision and other difficulties with his right eye. Dr. Zweben referred the plaintiff to an Omaha ophthalmologist, Dr. William Schlichtemeier, who examined the plaintiff on July 7. Dr. Schlichtemeier determined that the plaintiff's eye injury had healed and that the plaintiff could return to work on July 10. Dr. Schlichtemeier further expressed his opinion that the plaintiff was able to drive a car and did not need to wear a patch over his right eye.

On July 10, instead of returning to work, the plaintiff saw physician's assistant West at the Benthack Clinic in Wayne. At that time he complained of nausea, vomiting, pain in his lower back, and pain in his right eye. West instructed the plaintiff to return on July 14 for a followup visit for treatment of his headaches and nausea.

On July 14, 1989, the plaintiff, while still wearing an eye patch, requested that his 15-year-old brother drive him to his appointment in Wayne. Instead of taking the paved highway from Wakefield to Wayne, the plaintiff and his brother took old Highway 35, which is a gravel road. Approximately 3 miles out of Wakefield, the plaintiff's brother lost control of the vehicle, which resulted in an accident in which the plaintiff was severely injured.

All of the plaintiff's medical and hospital expenses in connection with the eye injury of June 28 have been paid, and he has been paid all compensation for temporary total disability to which he is entitled in regard to the June 28 eye injury. This action was brought to recover compensation for the injuries the plaintiff sustained in the automobile accident on July 14.

Following the hearing before a single judge of the compensation court, the plaintiff recovered an award. On rehearing, the compensation court found that the plaintiff had failed to prove that the accident of July 14 arose out of and in the course of his employment because the trip to Wayne was not necessitated by the injury to his eye on June 28 and was not intended to involve treatment for that injury.

The plaintiff has appealed to this court. The plaintiff's assignments of error contend that the compensation court erred in failing to award compensation to him for the injuries he sustained in the accident of July 14.

A claimant has the burden to prove by a preponderance of the evidence that his employment proximately caused an injury which resulted in disability compensable under the Workers' Compensation Act. *Roan Eagle v. State*, 237 Neb. 961, 468 N.W.2d 382 (1991). The employee must establish the cause-and-effect relationship involving employment, an industrial injury, and disability. *Id*.

"Findings of fact made by the Nebraska Workers'

Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. [Citations omitted.] In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. [Citations omitted.] Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. [Citations omitted.] As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony."

*Roan Eagle v. State, supra* at 962, 468 N.W.2d at 384 (quoting *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990)).

The record shows that the plaintiff suffers from a somatoform disorder which manifests itself in the form of gastric problems. The plaintiff has had this condition for several years.

The record further shows that the plaintiff's eye injury of June 28 had healed by July 14 and that he had been released to return to work on July 10. The record also shows that the plaintiff's eye injury was mild and would not cause nausea and vomiting. It was the opinion of physicians who had treated the plaintiff that his eye injury was not severe and that the eye injury alone would not have caused the plaintiff to suffer stomach problems.

Physician's assistant West testified that after he treated the plaintiff's eye injury on June 28 and referred the plaintiff to Dr. Zweben, he considered himself no longer involved in the care of the plaintiff's eye injury unless there was a referral back. West treated the plaintiff for headaches and nausea on July 10. When

West scheduled the plaintiff's followup appointment for July 14, he intended to check on the plaintiff's headaches and stomach problems.

The plaintiff argues that he is entitled to workers' compensation benefits because his injuries from the accident of July 14 were the result of an accident that occurred in the course of a trip to his doctor's office for treatment of the eye injury he sustained on June 28. We do not reach the issue of whether injuries suffered as a result of an accident in the course of a journey to a doctor's office occasioned by a compensable injury are also compensable because in this case it is clear that the plaintiff was not en route for treatment for a work-related injury when he was injured on July 14.

When the evidence in this case is viewed in the light most favorable to the defendants, it establishes that the trip to Wayne on July 14, 1989, was not necessary for and did not involve treatment of the plaintiff's injury to his eye. Furthermore, the plaintiff failed to prove that there was any connection between his eye injury of June 28, 1989, and the headaches and nausea for which he was seeking treatment on July 14, when the automobile accident occurred. The compensation court's finding that the plaintiff's accident and injuries of July 14 did not arise out of and in the course of his employment by the defendant company is supported by the record.

The judgment is affirmed.

AFFIRMED.