SUSAN JANE KROENKE, APPELLEE, V. GARY LOUIS KROENKE, ALSO KNOWN AS GARY LEWIS KROENKE, APPELLANT.
477 N.W.2d 583

Filed December 20, 1991.   No. 91-126.

Michael F. Pistillo and Mark A. Steele, of Steier, Rogers & Pistillo, P.C., for appellant.

Lawrence H. Yost, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In modifying a previously entered dissolution of marriage decree, the trial court dissolved a provision for joint custody of the parties' children, granted the children's permanent custody to the petitioner mother with liberal visitation rights in the respondent father, and increased the father's obligation to pay child support. The respondent appeals.

The ultimate test in determining the appropriateness of an award involving custody of minor children is reasonableness, as determined by the facts of each case, and the trial court's determination normally will be affirmed in the absence of an abuse of discretion. *Pournazari v. Pournazari*, 236 Neb. 260, 460 N.W.2d 661 (1990).

We have reviewed the record de novo, as we are required to do under *Pournazari, supra*, and have determined that the trial court did not abuse its discretion in awarding permanent custody of the parties' minor children to their mother.

Modification of child support is controlled by the rules set forth in *Phelps v. Phelps, ante* p. 618, 619-20, 477 N.W.2d 552, 554-55 (1991):

Modification of child support is an issue entrusted to the discretion of the trial court. Appellate review of such issues is de novo on the record, but absent an abuse of discretion by the trial court, its decision will be affirmed

on appeal. The de novo review is also qualified by the fact that when there is a conflict in the evidence, weight is given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other.

Although *Phelps v. Phelps, supra,* had not been decided by this court when the trial court entered its modification order in the case at bar, the trial judge did apply all of the principles which we later set forth in the *Phelps* case. Our de novo review of the record reveals that the trial court did not abuse its discretion in increasing the child support award in this case.

We have reviewed all of the alleged trial errors claimed by the respondent and find they are without merit. Therefore, the order of the trial court modifying the dissolution of marriage decree in this case is affirmed. The petitioner wife is allowed an attorney fee of $1,500 in this court.

AFFIRMED.