KIM M. WIESE, APPELLANT, V. BECTON-DICKINSON CO., APPELLEE.

480 N.W.2d 156

Filed February 14, 1992.   No. 91-587.

Clark J. Grant, of Grant, Rogers, Maul & Grant, for appellant.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Kim M. Wiese appeals the Workers' Compensation Court's dismissal of her petition requesting compensation for the injuries which she claims she received arising out of and in the course of her employment with Becton-Dickinson Co. (B-D).

Wiese's two assignments of error combine to claim that the compensation court erred in determining that she failed to sustain her burden of proof on causation of the injury to her left arm and shoulder. Because we find that there was plain error committed by the Workers' Compensation Court in regard to its finding concerning the injuries to Wiese's arm and shoulder, it is not necessary to discuss the appellant's assignments of error.

We reverse the decision of the Workers' Compensation Court and remand the cause for a new trial.

On appeal,

"[f]indings of fact by the Nebraska Workers'

Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside on appeal unless clearly wrong. . . . In testing the sufficiency of the evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. . . . Every controverted fact must be resolved in favor of the successful party, and the successful party will have the benefit of every inference that is reasonably deducible from the evidence."

*Schlup v. Auburn Needleworks, ante* p. 854, 857, 479 N.W.2d 440, 443-44 (1992).

In 1986, the appellant, who had been employed 10 years in various departments of B-D, a pharmaceutical supplies manufacturer, began experiencing pain in her left arm and shoulder, in both her hands, and in her neck. In 1985, Wiese began working in the wash-and-dry department, where she processed approximately 200 metal trays per day. Each tray weighed between 30 and 35 pounds and was lifted by Wiese four or five times during processing.

Wiese testified that the onset of her symptoms occurred gradually and coincided with her pregnancy in 1986. She sought medical advice from several doctors in 1987 and 1988 and was diagnosed as having bilateral carpal tunnel syndrome. Surgery was performed in May 1988 which proved unsuccessful in relieving the pain in her left hand, shoulder, and arm. Wiese has been compensated by B-D for the expenses of that surgery and for the resulting temporary total disability.

In April 1989, Wiese consulted Dr. Kip Burkman, a physician specializing in physical medicine and rehabilitation. She complained of numbness and tingling in the posterior left upper shoulder girdle. She complained to a lesser degree of numbness and tingling in her arm. She stated that these symptoms were worsening with time. Dr. Burkman diagnosed Wiese as suffering, in part, from myofascial pain syndrome of the left arm due to repetitive motion. In hopes of alleviating her pain, Dr. Burkman and Wiese experimented with numerous courses of pain therapy and treatments, none of which

provided more than short-term relief. Following more than a year of such attempts, it was Dr. Burkman's opinion, based on a reasonable degree of medical certainty, that Wiese suffered a 23-percent permanent partial impairment to the body as a whole. In Dr. Burkman's opinion, the appellant suffered a left posterior shoulder girdle myofascial pain syndrome secondary to repetitive work injuries sustained at B-D. Dr. Burkman stated that at the time he made the rating, Wiese had reached maximum medical improvement.

Although Wiese was able to obtain a position at B-D involving less lifting, her condition failed to improve. In November 1990, Dr. Burkman restricted her from work. At the request of B-D, Wiese was examined by Dr. Michael O'Neil in February 1991. Dr. O'Neil concluded that Wiese has a maximum 5-percent permanent impairment of the hand as a result of the carpal tunnel surgery. He was unable to form an opinion as to whether her left shoulder and arm pain were work related.

Wiese filed a petition with the Workers' Compensation Court on July 11, 1990, alleging that she sustained the following injuries as a result of repeated and continuous motion arising out of and in the course of her employment with B-D: (1) left carpal tunnel syndrome, (2) left posterior shoulder girdle and trapezius myofascial pain syndrome, and (3) left ulnar neuropathy. The appellant alleged that as a result of these injuries, she suffers from a permanent disability and is unable to continue her present employment. B-D denied her allegations.

A three-judge panel of the Workers' Compensation Court found that the carpal tunnel surgery was compensable but that all benefits for that injury had already been paid. The court found that the injuries to Wiese's arm and shoulder were not compensable. The court stated:

> The principal issue herein is one of causation. The Court finds that the plaintiff has failed to sustain her burden of proof on this issue. There is evidence to show that the plaintiff's problems with her left shoulder and arm started in 1986 with a pregnancy *and that Dr. Burkman was not informed of this history.* . . . [T]he value of the opinion of

an [expert] is no stronger than the facts upon which it is
based.

(Emphasis supplied.) The court noted that Dr. O'Neil was unable to state with any certainty that Wiese's shoulder and arm injuries were work related, and noted that her symptoms had not changed since she stopped work in November 1990.

It is the court's statement regarding Dr. Burkman's lack of knowledge of the onset of Wiese's symptoms with her 1986 pregnancy that forms the basis for this appeal. The compensation court's finding is unsupported by the evidence. Its ruling based upon this erroneous finding constitutes plain error. Plain error is error which was unasserted or uncomplained of at trial or on appeal, but is plainly evident from the record, which prejudicially affects a litigant's substantial right and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Phelps v. Phelps, ante* p. 618, 477 N.W.2d 552 (1991).

The record reflects that at the time of the onset of the pain and in the early phase of her medical treatment, Wiese stated that her symptoms arose with her pregnancy. She was unable to isolate any particular incident or exacerbating factors in the development of the pain. She did not associate her symptoms with her work until she was informed of the connection by Dr. Louis Sojka, the surgeon who performed the carpal tunnel surgery. Subsequently, Wiese informed Dr. Burkman on her initial visit with him that her symptoms were work related. In his deposition, Dr. Burkman stated that Wiese never gave him a history of the onset of her symptoms with her pregnancy. He was, however, provided with a report from Dr. Kathleen Wilken, whom Wiese had seen previously. In that report, the history recounted that the onset of Wiese's symptoms occurred with her pregnancy.

Dr. Wilken's report is quoted in B-D's letter brief to the Workers' Compensation Court which was submitted in lieu of a closing argument. In that brief, B-D states that this "detailed history was never provided by the plaintiff [Wiese] to the plaintiff's principal expert, Dr. Kip Burkman." The record reflects that not only did Dr. Burkman have Dr. Wilken's

report, but after Dr. Burkman discussed its contents with B-D's counsel at the deposition, counsel requested a copy of it from the doctor.

It is also clear from the record that when forming his opinion on causation, Dr. Burkman was aware of Wiese's medical history, including the pregnancy. The deposition of Dr. Burkman includes a discussion of the content of Dr. Wilken's report, after which the following exchange on cross-examination occurred:

Q. . . . . I take it a history is important to you in reaching an opinion as to the cause of the injury you diagnose?

A. Correct.

Q. And in the present case, I take it it's particularly true because the plaintiff was largely your sole source for your opinion on causation; is that accurate?

A. *Again, I have the records, as previously stated, to help that point.*

(Emphasis supplied.)

A judgment, order, or award of the compensation court may be modified, reversed, or set aside if there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award. Neb. Rev. Stat. § 48-185(3) (Supp. 1991). Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. *Phipps v. Milton G. Waldbaum & Co., ante* p. 700, 477 N.W.2d 919 (1991). The finding of the court that Dr. Burkman was not informed of the history of Wiese's pregnancy was clearly erroneous and is set aside.

In addition, the significance of Dr. Burkman's supposed lack of knowledge of the pregnancy is not clear from the record or from the court's order. No evidence linking Wiese's symptoms with her pregnancy was adduced other than her own statements that the two coincided in time. These statements could be regarded as Wiese's attempt to pinpoint the time that the symptoms arose, rather than an attempt to attribute her shoulder and arm pain to the fact that she was then pregnant. There is no expert testimony or other medical evidence in the record to show that her symptoms were in fact caused by the pregnancy.

B-D characterizes the Workers' Compensation Court decision as the result of a choice between conflicting medical testimony. This court has repeatedly held that a fact finder or trier of fact may accept or reject an opinion from an expert witness. *Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990). However, here the court has misconstrued the testimony of an expert. The factual determination being erroneous, the order of the Workers' Compensation Court will be set aside. *Phipps, supra.* Wiese's petition on rehearing should not have been dismissed on the ground that Dr. Burkman was not fully informed of her history.

No attorney fees for this appeal are awarded to Wiese because she has failed to increase her award in this court. See, Neb. Rev. Stat. § 48-125 (Supp. 1991); *Mata v. Western Valley Packing*, 236 Neb. 584, 462 N.W.2d 869 (1990).

The order of the Workers' Compensation Court dismissing Wiese's petition for benefits is reversed, and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.