ANTONIO PAZ, APPELLEE, V. MONFORT, INC., APPELLANT.

492 N.W.2d 894

Filed September 22, 1992.   No. A-92-007.

Kenneth H. Elson for appellant.

Scot Bonnesen for appellee.

SIEVERS, Chief Judge, and CONNOLLY and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

This is an appeal from the Workers' Compensation Court. Appellee, Antonio Paz, sustained a compensable back injury while lifting a quarter of beef at Monfort, Inc.'s packing plant on October 3, 1989. Paz was found to have a 10-percent permanent partial impairment, with a 30-percent loss of earning capacity. On April 11, 1991, following a rehearing, a three-judge panel held that as a result of the above injury, Paz "is unable to perform work for which he has previous training or experience and he is entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment . . . ." This award was not appealed. Paz was evaluated by a rehabilitation counselor for the "Department of Education,

Division of Rehabilitation Services" in Grand Island. Subsequently, a rehabilitation plan was developed on June 21, and it was submitted to the Workers' Compensation Court. The plan recommended that Paz enter a training course consisting of 18 months in adult basic education and English as a second language. Monfort resisted the plan, and on September 24, Paz was forced to file a motion to compel compliance with the Worker's Compensation Court. On November 6, a hearing on the motion was held. The three-judge panel held that the rehabilitation plan should be approved and that the "beneficent purposes of the Workers' Compensation Act was [sic] intended to cover the type of training contemplated by this plan." Monfort appeals the order, asserting (1) that the purpose of the act was not to furnish literacy training, but to train Paz for a job, and (2) that the court erred in failing to grant Monfort leave to evaluate Paz through its own rehabilitation specialist to determine if a job was available for Paz in the company. For the reasons recited below, we affirm the ruling of the Workers' Compensation Court.

A decision by the Workers' Compensation Court after rehearing has the same force and effect as a jury verdict, and findings of fact will not be set aside unless, after reviewing the record in the light most favorable to the successful party, the court determines that those findings are clearly erroneous. *Wiese v. Becton-Dickinson Co.*, 239 Neb. 1033, 480 N.W.2d 156 (1992); *Miller v. Goodyear Tire & Rubber Co.*, 239 Neb. 1014, 480 N.W.2d 162 (1992); *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 476 N.W.2d 559 (1991); *Omaha Processors v. Bloomquist*, 237 Neb. 223, 465 N.W.2d 731 (1991).

The Nebraska Supreme Court recently held that when an employee is unable to perform the work for which he or she was previously trained, because of an injury compensable under the Workers' Compensation Act, the employee is entitled to vocational rehabilitation designed to restore him or her to suitable employment. *Willuhn v. Omaha Box Co.*, 240 Neb. 571, 483 N.W.2d 130 (1992). Whether the employee is able to perform the work he or she was previously trained for and whether he or she is entitled to vocational rehabilitation are questions of fact to be determined by the Workers'

Compensation Court. *Id.* The record indicates that the Workers' Compensation Court determined these questions of fact on April 11, 1991, and awarded Paz vocational rehabilitation services. That award was not appealed. This appeal was perfected on December 31, 1991, and, therefore, the only issue before this court is whether the Workers' Compensation Court's order, dated December 5, approving the Department of Education's rehabilitation plan is in error.

In *Behrens v. American Stores Packing Co.*, 228 Neb. 18, 421 N.W.2d 12 (1988), the Workers' Compensation Court found that the employee was entitled to vocational rehabilitation, and he was asked to submit a plan to the court. The employee requested training to become a lab technician. The plan was denied, and the employee was ordered to submit a new plan. No timetable was provided in the order, but the court noted that the employee remained totally disabled during the relevant period. The employer asserted that the employee failed to comply with the court's order by continuing to prepare for a plan previously rejected by the court. The Nebraska Supreme Court held that it was within the Workers' Compensation Court's discretionary power to order the employee to submit an alternative rehabilitation plan and that it was a question of fact to be decided by the trier of fact as to whether or not the employee's rights to vocational rehabilitation should be terminated when a new plan was not submitted. The Supreme Court held that it was not error for the court to refuse to terminate the employee's rights.

This court notes that Neb. Rev. Stat. § 48-162.01 (Reissue 1988) provides that a worker "shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him or her to suitable employment." Although the rehabilitation plan in this case does not specify the connection between educational and language rehabilitation services and restoration of suitable employment, this court must construe application of § 48-162.01 liberally, and accordingly, we find that the plan is compatible with the "beneficent purposes" of the Workers' Compensation Act. See *Carter v. Weyerhaeuser Co.*, 234 Neb. 558, 452 N.W.2d 32 (1990).

In the case at bar, it is undisputed that Paz was evaluated by a rehabilitation counselor who determined that Paz' English speaking skills prevented him from finding comparable employment at the same earning range in light of is physical limitations. Monfort presented no contrary evidence, nor did it provide the court with an alternative job placement or training plan, despite its awareness that a rehabilitation plan had been submitted by the Department of Education at the end of June 1991. Despite the opportunity, Monfort did not object to the findings it now assigns as error until the hearing to decide the motion to compel in November 1991, when it requested leave of the court to submit an alternative plan.

The Workers' Compensation Court evaluated the recommendations of a rehabilitation specialist approved by the court pursuant to § 48-162.01(2), and after "affording the parties an opportunity to be heard," the court ordered that the recommended services be provided. See § 48-162.01(3). Additionally, the Workers' Compensation Court considered the recent Nebraska Supreme Court opinion *Mata v. Western Valley Packing*, 236 Neb. 584, 462 N.W.2d 869 (1990) (holding that the literacy deficit of the employee must be considered in determining the disability of the employee), and held that the rehabilitation plan was consistent with the beneficent purposes of the Workers' Compensation Act. The fact-finding determinations of the court were not clearly erroneous and are affirmed.

The court notes that appellee's brief was filed on April 21, 1992, and that appellee moved for attorney fees on May 8, 1992. Under Neb. Ct. R. of Prac. 9(F) (rev. 1992), a motion for attorney fees shall be filed "at the time of his, her, or its brief" on the merits. Although Monfort was unsuccessful in this appeal, in the absence of a timely application for attorney fees pursuant to rule 9(F), no attorney fees are to be awarded in this case. See *Schmid v. Nebraska Intergov. Risk Mgt. Assn.*, 239 Neb. 412, 476 N.W.2d 243 (1991).

AFFIRMED.