LEONARD JAMES OLMER, APPELLEE AND CROSS-APPELLANT, V. JANE CHRISTINE OLMER, NOW KNOWN AS JANE CHRISTINE BAKER, APPELLANT AND CROSS-APPELLEE.

507 N.W.2d 677

Filed November 2, 1993.   No. A-92-047.

Richard E. Mueting and Joel E. Carlson, of Mueting and Stoffer, for appellant.

Jeffrey L. Hrouda for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

CONNOLLY, Judge.

Jane Christine Baker appeals the trial court's decision denying her request for an increase in child support payments by the appellee, Leonard James Olmer, her ex-husband. The trial court found no material change of circumstances to justify modification of child support or visitation rights. The court did find that the parties' only child, Jared, had suffered a hearing loss that constituted a material change of circumstances not contemplated at the time of the decree. Consequently, the court ordered each party to pay one-half of any necessary medical expenses for Jared which are not covered by Leonard's insurance or other available sources. Leonard cross-appeals, asserting that the trial court erred in not awarding him attorney fees for defending the modification action. We affirm in part as modified, and in part vacate and remand for further proceedings.

## I. FACTS

According to the petition for dissolution, Jane and Leonard were married on November 29, 1986, and had one child, Jared. Jared was almost 2 years old when the parties were divorced on June 13, 1989. Pursuant to a decree of dissolution, Jane was awarded custody of Jared and Leonard was ordered to pay $230 per month in child support. On April 4, 1991, Jane filed an application for an increase in child support and a change in visitation rights based on changes in the conditions of the parties and the discovery that Jared had developed a hearing impairment that would result in medical bills.

The trial court found that no material change of circumstances had occurred to justify an increase in child

support or a change in visitation rights. The court did find a material change as to Jared's health because of the hearing impairment and ordered each party to pay one-half of the necessary medical expenses not covered by Leonard's insurance or other available sources.

## II. ASSIGNMENTS OF ERROR

Jane assigns various errors dealing with the admission, of evidence, but does not discuss them in her brief. We refuse to consider errors assigned but not discussed. See, *State v. Moss*, 240 Neb. 21, 480 N.W.2d 198 (1992); *Chambers-Dobson, Inc. v. Squier*, 238 Neb. 748, 472 N.W.2d 391 (1991). Jane's remaining assignments of error concern her request for modification of child support and visitation rights, and they can be summarized as follows: The trial court erred in failing to find a material change of circumstances based on (1) Leonard's increased earning capacity, (2) a decrease in Jane's earning capacity, and (3) increased medical costs incurred by Jane because of Jared's hearing impairment.

## III. STANDARD OF REVIEW

An appeal involving the modification of a child support award is reviewed de novo on the record, and the trial court's decision will be affirmed absent an abuse of discretion. *Lodden v. Lodden*, 243 Neb. 14, 497 N.W.2d 59 (1993). The de novo review is also qualified by the fact that where there is a conflict in the evidence, weight is given to the fact that the trial court saw and heard the witnesses and accepted one version of the facts as opposed to the other. *Kroenke v. Kroenke*, 239 Neb. 699, 477 N.W.2d 583 (1991); *Schmitt v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991).

## IV. ANALYSIS

### 1. MATERIAL CHANGE OF CIRCUMSTANCES

Modification of a child support award is not justified unless the applicant proves a material change of circumstances has occurred since the dissolution. *Lodden, supra*. In determining if a material change of circumstances has occurred, an appellate court considers factors such as a change in the financial resources or ability to pay on the part of the

parent obligated to pay support, needs of the child or children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction of income, and the duration of the change, namely, whether the change is temporary or permanent. *Schmitt, supra.* A material change of circumstances may also be found pursuant to paragraph P of the Nebraska Child Support Guidelines, which states:

> Application of the child support guidelines which would result in a variation by 10 percent or more, upward or downward, of the current child support obligation, due to financial circumstances which have lasted 6 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances.

Paragraph P was adopted November 14, 1991, 12 days before the modification hearing at issue in this case. It appears from the record that the trial court did not make a finding as to whether paragraph P of the child support guidelines was applicable.

The record reflects that at the time of the dissolution, Jane was a self-employed operator of a day-care center and that Leonard farmed and also worked full time at Vulcraft, a division of Nucor Corporation. A child support calculation worksheet prepared at the time of the dissolution hearing indicated that Jane was earning $433 gross per month and $370 net, while Leonard earned $1,665 gross per month and $1,185 net. Jane and Leonard's 1988 income tax return, the last tax return completed before the dissolution, reflected that Leonard earned $39,626 at Vulcraft, but had a farming loss of $22,620 with $11,523 in depreciation. The worksheet does not indicate whether Leonard's farming loss was taken into account or whether the depreciation was added back. The worksheet reflects only that his gross income was $1,665 per month, with a net of $1,185. Based on the figures on the worksheet, Leonard would have been obligated to pay $229.04 per month in child support. Apparently relying on the incomes reflected on the worksheet, the trial court ordered Leonard to pay $230 per month in child support. This award was not appealed.

At the modification hearing on November 26, 1991,

Leonard's 1990 income tax return showed wages from Vulcraft in the amount of $33,070, a decrease of approximately $6,500 from 1988; a farming loss of $31,161; and a capital loss of $1,516, for a total taxable income of $1,089. Leonard's child support calculation worksheet admitted into evidence at the modification hearing showed a monthly gross income of $1,512.92 and a monthly net income of $1,151.18. Those figures were based on the following projections for 1991: Vulcraft wages of $33,510.49, a farming loss of $31,161, and added-back depreciation of $15,806.

At the time of the modification hearing, Jane was attending school full time at a local community college and was working part time at a restaurant. Her child support calculation worksheet showed $60.95 as her monthly net income and $2,792.54 as Leonard's monthly gross income. After allowing for tax deductions, Jane calculated Leonard's monthly net income to be $1,951. Based on those figures, Jane concluded that Leonard should be paying $371.54 per month in child support.

■ Jane mistakenly relies on *Stuczynski v. Stuczynski*, 238 Neb. 368, 471 N.W.2d 122 (1991), and *Phelps v. Phelps*, 239 Neb. 618, 477 N.W.2d 552 (1991), to support her assertion that in determining Leonard's income for purposes of calculating child support payments, the farming loss should not be used to offset Leonard's wages from Vulcraft. Neither *Stuczynski* nor *Phelps* is helpful to our analysis on this issue because they do not address the scenario presented in the case before us, where the parent paying child support derives income from two full-time occupations in which he has been engaged since before the marriage of the parties. Leonard points out that both incomes were used in arriving at the child support figure to which Jane agreed at the time of the dissolution. We find nothing in Nebraska law to suggest that it was improper for the court, at the dissolution hearing and at the modification hearing, to consider Leonard's farming losses in determining his income for purposes of calculating child support payments. Perhaps in retrospect Jane is not satisfied with the way the numbers came out in the original calculation of the child support payments, but an appellate court does not treat an

action to modify support as a retrial of the original case or a review of the equities of the decree. See *Tworek v. Tworek*, 218 Neb. 808, 359 N.W.2d 764 (1984).

At the time of the dissolution, Leonard was earning wages from Vulcraft and was engaged in a farming operation incurring substantial losses. At the time of the modification hearing, Leonard was earning lower wages at Vulcraft and his farming operation was still incurring substantial losses. His monthly net income was less at the time of the modification than it was at the time of the original hearing. With regard to Leonard's earning capacity, there has been no material change of circumstances that was not contemplated by the parties at the time the decree was entered.

■ Although we find no material change of circumstances concerning Leonard's earning capacity, that does not conclude our inquiry into whether there has been a material change of circumstances warranting modification of child support. As we noted above, paragraph P of the child support guidelines was adopted only 12 days before the modification hearing at issue. It is quite possible that at the time of the hearing the trial court was not yet apprised of the necessity of conducting a paragraph P analysis. Nonetheless, the Nebraska Supreme Court has stated that the child support guidelines must be applied to child support orders entered before the adoption of the guidelines:

> We noted in *Schmitt* [*v. Schmitt*, 239 Neb. 632, 477 N.W.2d 563 (1991),] that the implementation of certain federal and state statutes "may well render the concept of 'material change of circumstances' of much less concern," and held that the adoption of the Nebraska Child Support Guidelines effective October 1, 1987, constituted a material change of circumstances sufficient to justify consideration of proposed modification of child support orders entered before that date.

*Phelps*, 239 Neb. at 621, 477 N.W.2d at 555. Applying this rationale to the guideline at issue, we find that paragraph P must be considered in this action for modification. Although Leonard's financial circumstances do not appear to have changed, at least not for the better, since the entry of the child support order in 1989, Jane's financial circumstances have

changed dramatically for the worse. Thus, it is necessary for the trial court to apply paragraph P and calculate Leonard's child support obligation after factoring in Jane's decrease in earning capacity.

In order for there to be a rebuttable presumption of a material change of circumstances such that Leonard should pay increased child support, application of the child support guidelines would have to result in an increase in Leonard's child support obligation of at least 10 percent ($23 per month). If the numbers indicate an increase in Leonard's obligation of 10 percent or more and if the trial court determines that the increase is due to financial circumstances which have lasted 6 months and can reasonably be expected to last for an additional 6 months, then a rebuttable presumption of a material change of circumstances will have been established. In that event, Leonard should have the opportunity to challenge the presumption.

For the reasons discussed above, we vacate the judgment of the trial court finding no material change of circumstances sufficient to justify modification of child support and remand this cause to the trial court for further proceedings consistent with this opinion.

## 2. JARED'S HEARING IMPAIRMENT

■ The trial court did not order an increase in child support payments in response to the discovery of Jared's hearing impairment. However, the court properly exercised its authority to make arrangements for future medical expenses when it ordered each party to pay one-half of any necessary medical expenses not covered by insurance. See *Druba v. Druba*, 238 Neb. 279, 470 N.W.2d 176 (1991) (a trial court may make appropriate orders as to the manner in which future medical expenses not covered by insurance are to be shared).

The provision calling for equal sharing of Jared's future medical expenses is not specifically mentioned in Jane's assignment of error on this issue. However, we interpret Jane's argument to be that given her current financial position as a full-time student with a monthly net income of $61, she should not have been ordered to pay any portion of Jared's future

medical expenses related to his hearing impairment. Leonard argues that Jane's income is actually greater than $61 per month because she received a $1,200 Pell Grant for her education and because she receives Supplemental Security Income (SSI) payments for Jared. We determine from the record that the Pell Grant funds were used for Jane's school expenses and should not be considered income. We also note that SSI is a means-tested public assistance benefit that would not be included in calculating monthly income under the child support guidelines. See Nebraska Child Support Guidelines, paragraph D. Therefore, we accept Jane's characterization of her financial position and find that the district court abused its discretion in ordering Jane to pay one-half of Jared's future medical expenses. We modify the order filed January 9, 1992, by directing that Leonard pay all reasonable and necessary medical expenses related to Jared's hearing impairment that are not covered by Leonard's medical insurance or other available sources.

### 3. LEONARD'S CROSS-APPEAL

Citing Neb. Rev. Stat. § 25-824 (Reissue 1989), Leonard assigns as error the trial court's failure to award him attorney fees for defending the modification action. Leonard claims that Jane's petition for modification was a vexatious and unfounded action prompted by an earlier contempt proceeding filed by Leonard. In view of our decision to remand on the issue of material change of circumstances and our modification ordering Leonard to pay all of Jared's reasonable and necessary medical expenses, this assignment of error is without merit.

Appellant is awarded $1,000 for attorney fees in this court.

AFFIRMED IN PART AS MODIFIED, AND IN PART VACATED
AND REMANDED FOR FURTHER PROCEEDINGS.